Fecteau, J.
This is an action by the plaintiff that seeks to collect on a purported contract (counts I-III) with the defendant for pharmaceutical supplies furnished, or on a quantum meruit basis (count IV), as well as for liability under G.L.c. 93A (count V). The defendant denies liability to the plaintiff on the ground that the “contract” is void, since the plaintiff and the defendant’s administrator failed to comply with the requirements of G.L.c. 30B, the public procurement law, and thereby barring the plaintiff from recovery on any theory of liability.
The defendant has filed for summary judgment under Rule 56 of the Mass.R.Civ.P. The parties were heard in connection with this motion on October 16, 2002 and the court considered the pleadings, arguments and authorities relied upon by the parties.
The plaintiff opposes said motion contending that the defendant’s administrator at the time, James Tracy, the third-party defendant herein, was inherently authorized to negotiate and sign the contract on behalf of the defendant, and that the defendant is exempt from the requirements of G.L.c. 30B, as the defendant can be viewed as a hospital. In addition, the plaintiff claims to be exempt pursuant to the provisions of 801 C.M.R. 21.00. Moreover, the plaintiff contends that, even if compliance with the public procurement law was required, Tracy obtained bids from other vendors, satisfying the spirit, if not the letter of c. 30B.
First, the defendant is not exempt from the procurement statute. G.L.c. 30B, §1 states, in relevant part, that “(a) [t]his chapter shall apply to every contract for the procurement of supplies, services or real property ... by a governmental body as defined herein. ’’Governmental body" is defined as including “a city, town, district, regional school district, county or agency, board, commission, authority, department or instrumentality of a city, town, district, regional school district or county.” G.L.c. 30B, §2. [Emphasis added.] Not only does the referenced provision of the CMR govern only the executive branch and expressly exempts independent authorities from its reach, even if it did not, a statute cannot be superceded by a conflicting administrative regulation.
The plaintiff having the burden of proof has the burden, when faced with a motion for summary judgment, to oppose said motion with admissible evidence supportive of the required elements of its claim and must not rest upon conclusory statements in either its complaint or in its opposition papers. The plaintiff appears to be seeking refuge in G.L.c. 30B, §1(27), which states that this chapter shall apply to every contract for the procurement of supplies, services or real property ... by a governmental body as defined herein except “contracts or agreements entered into by a municipal hospital or a municipal department of health”; or (28) “contracts entered into by a governmental body on behalf of a hospital owned by such governmental body where such contract is funded by expenditures from an operations account, so-called, or a special account, established pursuant to a special act that is maintained for the benefit of and designated with the name of such hospital.”
First, with respect to subsection (28), the plaintiff has not provided any evidence whatsoever that the defendant is funded by an operations or special account. Secondly, although “hospital” is not defined in c. 30B, the plaintiff has made no showing in the Rule 56 record that the defendant conducts any operations consistent with a hospital, as opposed to a rest home or nursing home. Given the requirements imposed by G.L.c. Ill, §51, upon parties who seek licensure for hospitals, including cities and towns, for the plaintiff to allege that its contract with the defendant is exempted by reason that the defendant is a hospital, such an allegation is susceptible to conclusive proof on this issue by simply showing that the defendant was licensed to operate a hospital for which this contract was entered. The plaintiff has failed to submit admissible evidence that the defendant is a hospital. *586 Therefore, there is no genuine issue of fact or law as to whether the defendant is subject to c. 30B. It is.
The next question for resolution is whether there exists a genuine issue of the material fact concerning compliance with this statute. The plaintiff contends that James Tracy’s affidavit is sufficient to demonstrate this issue of fact, in that he states that he sought other bids and thereby complied:
13. I had received a memorandum from the Town Accountant for Milford on or about February 3, 2000 which detailed the procedures that I was to follow in contracts. I felt that a constract for pharmaceutical supplies was exempted from the provisions [sic] M.G.L.c. 30B based on the characterization of our facility as a hospital or medical institution, the way services and items were procured in the past and also because we were an Independent Public Authority under 801CMR21.
14. However, as a result of reading this memorandum, I felt that I would still obtain bids on the proposed contract as a good business practice.
15. I provided the Plaintiff with varied and voluminous documentation regarding the needs of our patients at the Geriatric Authority of Milford for a three-month period. However, none of these documents referred to the formal requirements of any bidding process, nor did they indicate that the Geriatric Authority was a public authority subject to regulation.
16. I received additional bids for the service and provision of pharmaceutical supplies from Vencor, Inc. and also from Neighbor Care. However, I felt that the Plaintiffs pricing and services were competitive and that the company was financially stable. Based upon my knowledge of the industry I felt that the other companies that submitted quotes would be affected by their parent companies’ financial instability. These two companies did subsequently file for bankruptcy protection.
The defendant contends otherwise, seeking support for this proposition from two responses by Tracy to a Rule 36 request to admit facts, nos. 3 and 4, wherein he denied that “prior to accepting the terms of the Services Agreement [with Whittier], I prepared an invitation of bids for the pharmaceutical services needed by Geriatric Authority” but admitted that “prior to accepting the terms of the Services Agreement, I obtained other bids or proposals for services from other vendors.” [Emphasis added.] Notwithstanding the questionable evidentiary value of a denial to a request for admission of facts, it is clear that the plaintiff has not shown, nor does it appear likely to be able to show that Tracy, purportedly on behalf of the defendant, complied, in all material respects, with either section 5 or 6 of c. 30B, given the value of the contract as clearly exceeding $25,000.00. At the very least, the plaintiff has provided no evidence of compliance with the various public notices required for an invitation to bid (see G.L.c. 30B, §5(c)), as well as no evidence of preparation of the “invitation for bids” required by section 5, or the “request for proposals” under Section 6 not to mention the host of other procurement law requirements. Essentially what the Tracy affidavit implies is that he did not advertise the defendant’s need for pharmaceutical supplies but, rather, hand-picked sources of bids, which is clearly contrary to the purpose of the public procurement law and the public interest and policy that it represents.
The plaintiff next argues that even if the procurement statute applied and that Tracy did not comply with it, the authority waived compliance or should be estopped from claiming that the contract is unenforceable and void. The authorities cited by the defendant clearly establish that governmental bodies are not estopped from asserting its right to prove the unenforceability of the contract. Moreover, there can be no recovery in quantum meruit in the absence of a valid contract. G.L.c. 30B, §17 states, in relevant part: “(b) Subject to the provisions of section three A of chapter forty, a contract made in violation of this chapter shall not be valid, and the governmental body shall make no payment under such contract...”
Most, if not all, of the authorities relied upon by the plaintiff involve contracts that pre-date the 1989 implementation of the public procurement law and most involve disputes concerning the performance of contracts that were validly entered into between the vendor and the governmental body rather than disputes concerning the 'validity of the contract due to failure to follow proper procurement laws. Moreover, no authorities cited by the plaintiff dilute the oft-repeated holdings, in cases such as Massachusetts General Hospital v. Revere, 385 Mass. 772 (1982), and Central Tow Co. v. Boston, 371 Mass. 341 (1976), that “persons dealing with a municipality [or other governmental body] must take notice of limitations of this kind upon the contracting power of the municipality and are bound by them and cannot recover upon contracts attempted to be made in violation of them.” Massachusetts General Hospital, supra, at 775. Moreover, the parly “is in no better position on a theory of quantum meruit. Where a contract is illegal by reason of failure to comply with statutory requisites, we will not allow recovery based on quantum meruit.” Id., at 776. “That the city may have benefitted by the hospital’s actions is irrelevant to this issue. The statutes are controlling.” IcL, at 775.
Lastly, since the plaintiff can show no basis for recovery in contract, either express or implied, there can be no recovery for violation of G.L.c. 93A, even if it did apply to a governmental body such as the defendant herein.
For the foregoing reasons, then, the defendant’s motion for summary judgment must be, and hereby is, allowed.